O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSEPH HENDERLONG,                  )   Case No. CV 14-03610 DDP (PLAx)
                                    )
              Plaintiff,            )   **ORDER RE RECONSIDERATION OF**
                                    )   **DEFENDANT'S DEFENSE AS TO**
      v.                            )   **PLAINTIFF'S FOURTH CAUSE OF**
                                    )   **ACTION (RETALIATION)**
SOUTHERN CALIFORNIA REGIONAL        )
RAIL AUTHORITY AKA                  )
METROLINK,                          )
                                    )
              Defendants.           )
_____        )

        Presently before the Court is a motion to reconsider or
clarify the Court's order of September 18, 2014, granting in part
Defendant's Motion for Judgment on the Pleadings.  (Dkt. No. 23.)
In that order, the Court dismissed Plaintiff's claims as to
wrongful termination and intentional infliction of emotional
distress on the grounds of statutory governmental immunity under
Cal. Gov't Code § 815.  However, Defendant also asserted statutory
immunity as to Plaintiff's Fourth Cause of Action (common law
retaliation).  (Dkt. No. 12 at 2:16.)  That claim is now the Second
Cause of Action in Plaintiff's First Amended Complaint ("FAC").
The Court's order made no mention of the immunity defense, and so

Defendant seeks clarification as to whether the defense was considered.  Defendant also seeks reconsideration of the order in light of the fact that the arguments for immunity as to retaliation claims are essentially identical to those the Court accepted as to wrongful termination and intentional infliction of emotional distress.[1]

A district court may revise its own orders "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed.R.Civ.P. 54(b).  The order of September 18, 2014 did not adjudicate all the claims, rights, and liabilities of the parties, because it denied judgment on the pleadings as to some of Plaintiff's claims.

Under the Central District's Local Rule 7-18, "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of," inter alia, "a manifest showing of a failure to

---

[1]As an initial matter, there is a slight procedural wrinkle to the Court's consideration of Defendant's motion.  Plaintiff has filed a First Amended Complaint ("FAC").  Normally, an amended complaint "supersedes the original, the latter being treated thereafter as non-existent." Valadez-Lopez v. Chertoff, 656 F.3d 851, 857 (9th Cir. 2011).  As a result, pending motions on the original complaint are usually vacated as moot.  E.g., Garibaldi v. JPMorgan Chase Bank, N.A., No. 109CV00574AWIGSA, 2009 WL 1531565, at *1 (E.D. Cal. May 28, 2009) ("The amended complaint has superseded the original complaint in its entirety . . . . Defendants' motion addressing the original complaint is now moot.") (citations omitted).  However, where the amended complaint "suffers from the same deficiencies as the original complaint, it is within the court's discretion to consider a motion based on the original complaint as if it were based on the amended complaint." Bisson v. Bank of Am., N.A., No. C12-0995JLR, 2012 WL 5866309 (W.D. Wash. Nov. 16, 2012).  Here, Plaintiff's Second Cause of Action in the FAC is substantially identical to the Fourth Cause of Action in the Complaint.  Moreover, the Motion for Reconsideration is aimed primarily at a putative defect in the Court's order.  If Defendants are correct, and if the putative defect had not occurred, it would have directly affected the drafting of the FAC by rendering the retaliation claim non-viable.  Therefore, the motion is still relevant and is essentially aimed at the FAC.

1   consider material facts presented to the Court before such

2   decision." "Reconsideration is appropriate if the district court .

3   . . committed clear error . . . ." Sch. Dist. No. 1J, Multnomah

4   Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

5          The Court finds that Defendant brings this motion for

6   reconsideration on the grounds of the Court's failure to consider a

7   material fact presented to it-the applicability of Cal. Gov't Code

8   § 815 to Plaintiff's retaliation claim.  Although the immunity

9   defense was clearly presented to the Court with regard to the

10  retaliation claim, the Court inadvertently did not consider the

11  defense and proceeded instead to determine whether Plaintiff had

12  sufficiently pled a prima facie case of retaliation under Federal

13  Rule of Civil Procedure 8.  (Dkt. No. 23 at 22:24-25:12.)  This was

14  clear error, and reconsideration and revision of the September 18

15  order are warranted.

16         The Court therefore now considers whether Defendant is

17  entitled to immunity under Cal. Gov't Code § 815 with regard to the

18  retaliation claim.

19         Cal. Gov't Code § 815 provides: "*Except as otherwise provided*

20  *by statute* . . . [a] public entity is not liable for an injury,

21  whether such injury arises out of an act or omission of the public

22  entity or a public employee or any other person." (emphasis added).

23  Lloyd v. Cnty of Los Angeles, the case the Court cited in

24  dismissing the other causes of action in its previous order, held

25  that § 815 bars *common law* actions against the state based on

26  retaliation in violation of public policy expressed in statutes,

27  including Cal. Labor Code § 1102.5.  172 Cal.App.4th 320, 329-30

28  (2009).

1    However, the <u>Lloyd</u> court did not appear to find claims based

2  on *violations of the statutes themselves* barred by § 815; rather,

3  it considered those claims on the merits.   <u>Id.</u> at 332.   The court's

4  discussion of those merits is not published, but the court stated

5  in the published portion of the opinion that "[n]o triable issue of

6  material fact" existed with regard to the statutory violations.

7  <u>Id.</u>   By contrast, the court found it "unnecessary to address

8  whether a triable issue exists" as to the common law claims,

9  because they "fail[ed] to state a claim."   <u>Id.</u> at 329.   This

10  suggests that summary judgment as to the statutory violations was

11  granted on grounds of evidentiary insufficiency rather than on

12  grounds of immunity.[2]   The <u>Lloyd</u> court's apparent distinction

13  between statutory and common law causes of action accords with

14  <u>Miklosy v. Regents of Univ. of California</u>, 44 Cal. 4th 876, 899

15  (2008), which approved the approach taken in <u>Palmer v. Regents of</u>

16  <u>University of California</u>, 107 Cal.App.4th 899 (2003), where the

17  Court of Appeals found that the plaintiff could pursue a statutory

18  claim for damages but not a common-law "<u>Tameny</u>" action.

19    Thus, the Court finds that as a matter of California law,

20  state agencies are entitled to immunity as to common law claims

21  based on retaliation in violation of public policy as expressed in

22

23  _____

24    [2]<u>See also</u> <u>Mango v. City of Maywood</u>, No. CV 11-5641-GW FFMX,
2012 WL 5906665 (C.D. Cal. Oct. 5, 2012) ("In <u>Lloyd</u>, the California

25  Court of Appeal barred a '<u>Tameny</u>' claim–in essence, a claim for
wrongful termination in violation of public policy-based, in part,

26  upon the public policy established by Labor Code § 1102.5.   But a
<u>Tameny</u> claim is a common law tort claim, not a statutory claim

27  excepted by section 815.   The <u>Lloyd</u> court did not bar the plaintiff
from proceeding on his section 1102.5 claim, but instead reached

28  the merits of the claim.   An action against a public employer
directly under section 1102.5 is therefore viable.").

4

1   statutes.  But they are *not* entitled to immunity as to claims

2   rooted in statutory violations.

3       The title of Plaintiff's cause of action, in both the original

4   Complaint and the FAC, is "Retaliation in Violation of Public

5   Policy."  (FAC at 24:6.[3])  The cause of action asserts that the

6   retaliation "violated federal and state constitution

7   proscriptions,"[4] and then it states that "Labor Code § 1102.5

8   protects employees" who speak out about allegedly illegal

9   practices.  (Id. at 26:27-27:9.)  These allegations seem clearly

10  intended to support the idea that the retaliation was in violation

11  of public policy.  The Complaint does not state that the wrong

12  complained of is the *statutory* violation, rather than the violation

13  of public policy.  Plaintiff now argues, however, that the

14  retaliation claim is indeed statutory in nature.  (Opp'n at 8:12-

15  9:5.)

16      The Court cannot clearly discern an intent, in either the

17  original Complaint or the FAC, to assert a claim of retaliation in

18  violation of Cal. Labor Code § 1102.5 rather than (or even in

19  addition to) a common law action based on the violation of public

20  policy.  Nor do plaintiff's allegations seem clearly directed at

21  proving the elements of such a claim.  Moreover, Defendant's

22

23      [3]Plaintiff's Second Cause of Action, substantially identical

24  to the Fourth Cause of Action in the original Complaint.

25      [4]Plaintiff mentions the First Amendment and the California
    Constitution only in passing and does not develop the idea that the
26  claim is rooted in free speech law.  Such a passing mention is
    insufficient to "nudge[]" Plaintiff's potential free speech claims
27  "across the line from conceivable to plausible."  Bell Atl. Corp.
    v. Twombly, 550 U.S. 544, 570 (2007).  The Court therefore finds
28  that this claim rises or falls on the distinction between common
    law and statutory retaliation.

1   arguments and the Court's analysis in the previous motion were

2   based on an understanding that the retaliation claim was a common

3   law claim.  Given the confusion that could result if the case moved

4   forward on a new understanding of the claim, the Court finds that

5   the most appropriate course of action is to dismiss the claim as

6   apparently a common law claim barred by immunity, but grant

7   Plaintiff leave to amend to state a claim for the statutory

8   violation.

9       Accordingly, the motion to reconsider is GRANTED, the Second

10  Cause of Action in the FAC is DISMISSED, and Plaintiff is GRANTED

11  LEAVE TO AMEND solely to state a claim for a statutory violation of

12  Cal. Labor Code § 1102.5, if such a claim is warranted.  Such

13  amendment must be filed not later than ten days after the effective

14  date of this order.

15

16  IT IS SO ORDERED.

17

18

19  Dated: November 5, 2014

20                                    DEAN D. PREGERSON
                                      United States District Judge

21

22

23

24

25

26

27

28